**Lynne B. Morgan, OSB #89099**
Attorney at Law
Email: lbmorgan@worldnet.att.net
1 SW Columbia Street, Suite 1110
Portland, Oregon 97258
Telephone: 503/417-7746
Facsimile: 503/227-7829

**Douglas A. Stringer, OSB #84096**
Attorney at Law
Email: dstringer@dstringerlaw.com
1211 SW Fifth Avenue, Suite 2950
Portland, Oregon 97204
Telephone: 503-972-5094
Facsimile: 503-972-5095

Attorney for Laurent E. Barnabe

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

**UNITED STATES OF AMERICA,**

                Plaintiff,                        **Case No.  CR 01-321 (5) (KI)**

v.                                            **DEFENDANT BARNABE'S REPLY TO GOVERNMENT'S RESPONSE TO MOTION FOR PRETRIAL DETERMINATION OF ADMISSIBILITY OF CO-CONSPIRATOR STATEMENTS**

**LAURENT E. BARNABE,**

                Defendant.

_____

PAGE 1      DEFENDANT BARNABE'S REPLY TO GOVERNMENT'S RESPONSE TO MOTION FOR PRETRIAL DETERMINATION OF ADMISSIBILITY OF CO-CONSPIRATOR STATEMENTS

COMES NOW the defendant, Laurent E. Barnabe, by and through counsel, and respectfully submits his reply to the government's response to his Motion for Pretrial Determination of Admissibility of Co-Conspirator Statements.

### THE LAW

Federal Rule of Evidence 801(d)(2)(E) requires proof of three elements:

(1) that the declaration be made for the purpose of furthering the conspiracy;

(2) that the declaration be made during the course of the conspiracy; and,

(3) that there is independent proof of the existence of the conspiracy <u>and</u> of the connection of the declarant and the defendant to that conspiracy.

*United States v. Perez*, 658, 659 F.2d 654 (9th Cir. 1981), *citing, Carbo v. United States*, 314 F.2d 718, 735 n.21 (9th Cir. 1963). Whether or not any given statement complies with these three element is to be determined by a judge, not the jury. *United States v. King*, 552 F.2d 833, 848-49 (9th Cir. 1976). "In order to prove the existence of conspiracy under the third prong of the co-conspirator exception [to the Hearsay] rule, the prosecution must establish a prima facie case through the introduction of substantial independent evidence other than the contested hearsay." *Perez*, 658 F.2d at 659. If the prosecution can establish a prima facie case establishing the existence of a conspiracy, only "slight evidence" is required to connect the co-conspirator to the conspiracy. *United States v. Weaver*, 594 F.2d 1272, 1274 (9th Cir. 1979). While evidence of this connection may be "slight," the evidence must be "fairly incriminating. Evidence of wholly innocuous conduct or statements

PAGE 2    DEFENDANT BARNABE'S REPLY TO GOVERNMENT'S RESPONSE TO MOTION FOR PRETRIAL DETERMINATION OF ADMISSIBILITY OF CO-CONSPIRATOR STATEMENTS

by the defendant will rarely be sufficiently corroborative...to constitute proof, by a preponderance of the evidence, that the defendant knew of and participated in the conspiracy." *United States v. Silverman*, 861 F.2d 571, 578 (9th Cir. 1988).

"[A]n accused's knowledge of and participation in an alleged conspiracy with the putative co-conspirator are preliminary facts that must be established, by a preponderance of the evidence, before the co-conspirator's out-of-court statements can be introduced into evidence." *United States v. Castaneda*, 16 F.3d 1504, 1507 (9th Cir. 1994), *citing, United States v. Silverman*, 861 F.2d 571 (9th Cir. 1988). The Ninth Circuit Court of Appeals has held repeatedly that the "procedure of conditionally admitting co-conspirator's statements subject to later motions to strike is well within the court's discretion." *United States v. Zemek*, 634 F.2d 1159, 1169 (9th Cir. 1980).

This Court, however, is certainly not <u>required</u> to conditionally admit the hearsay statements of alleged co-conspirators. "The order in which parties adduce proof is, in general, a matter for the trial judge to determine, subject to review for abuse of discretion. This rule reflects the need for flexibility and judgment on the part of the District Court in response to the particular nature of each case before it." *United States v. Kenny*, 645 F.2d 1323, 1334 (9th Cir. 1980)(*Internal citations omitted*). For example, prior to allowing evidence of co-conspirator statements to be conditionally admitted, the trial court in *Kenny*, "had before it a trial memorandum giving a summary of the evidence the government proposed to introduce that would establish a conspiracy, and the proposed order of proof." *Id*., at 1334. Further, the Ninth Circuit Court of Appeals has held that proposed co-defendant "statements may be admitted conditionally as long as the court in the proper exercise of its discretion determines

PAGE 3    DEFENDANT BARNABE'S REPLY TO GOVERNMENT'S RESPONSE TO MOTION FOR PRETRIAL DETERMINATION OF ADMISSIBILITY OF CO-CONSPIRATOR STATEMENTS

that a motion to strike could cure defects resulting from insufficient proof of the necessary preliminary facts." *United States v. Perez*, 658 F.2d 654, 658 (9th Cir. 1981).

## THE FACTS

The government is just simply wrong in its recitation of the nature of the testimony of the witnesses that have been deposed thus far in this case. While Mr. Barnabe's company, Granite Holdings, Ltd.(GHL), did indeed enter into a joint venture agreement with First Acceptance Corporation. Ltd, an entity controlled by Van Brink, the purpose of the joint venture was to preserve and increase the money under management at the First International Bank of Grenada (FIBG) and to act as an intermediary between the providers of the Bank's service and the Bank. The purpose of the joint venture, as well as the contributions of each party to the joint venture, the sources of joint venture revenues, and the division of the profits of the joint venture, are clearly set out in the fully executed joint venture agreement**,** which was provided to the defense as part of the government's discovery. Further, Mr. Marcus Wide, of PricewaterhouseCoopers, whom the court in Grenada appointed as Liquidator of FIBG, concluded that the profits earned by GHL were "in respect of bona vide and legitimate services provided, based on the terms of the Joint Venture Agreement." *See,* The Third Report of the Liquidator, a public record published on the PricewaterhouseCoopers website.

The government similarly mischaracterizes the deposition testimony of Mr. Winston Rupert Agostini, a Grenadian citizen and a well-respected chartered accountant. During the relevant time period, Grenada's offshore banking laws required an offshore bank to undergo and provide to the government a complete audit upon fifteen months of operation. At Mr. Barnabe's suggestion, many of

PAGE 4    DEFENDANT BARNABE'S REPLY TO GOVERNMENT'S RESPONSE TO MOTION FOR PRETRIAL DETERMINATION OF ADMISSIBILITY OF CO-CONSPIRATOR STATEMENTS

the banks registered through Granite Registry Services retained the services of Mr. Agostini to conduct the legally required audit. The directors of the bank would enter into a letter of engagement with Mr. Agostini, the terms of which required the bank to pay Mr. Agostini a deposit of US$2500.00 in order to secure his availability for future services. (Agostini Deposition at p. 63). The letter of engagement required the bank to pay Mr. Agostini an additional US$2500.00 upon initiating the legally mandated audit. (Agostini Deposition at p. 63). None of the banks for which Mr. Agostini was engaged to provide future services was in existence for the length of fifteen months. Because none of these banks was in business long enough to request the audit, Mr. Agostini never had an opportunity to conduct an audit for any of the banks for which he was engaged. (Agostini Deposition at pp. 63-65).

Finally, that Mr. Barnabe may have lawfully provided services to FIBG in addition to those covered by the joint venture agreement is not evidence of the fact of a criminal conspiracy or of Mr. Barnabe's alleged participation in a criminal conspiracy. Additionally, the statements attributed to Mr. Barnabe in the government's Response are not evidence of the fact of a criminal conspiracy or of Mr. Barnabe's alleged participation in a criminal conspiracy. "In determining whether a statement is made 'in furtherance of' a conspiracy, the court looks to the declarant's intent in making the statement, not the actual effect of the statement." *United States v. Williams*, 989 F.2d 1061, 1068 (9th Cir. 1993), *citing United States v. Zavala-Serra*, 853 F.2d 1512, 1516 (9th Cir. 1988). Finally, "mere conversations or narrative declarations [by an alleged co-conspirator or] between co-conspirators are not in themselves sufficient to invoke the exception to the hearsay rule." *United States v. Yarborough*, 852 F.2d 1522, 1535-36 (9th Cir. 1988).

PAGE 5   DEFENDANT BARNABE'S REPLY TO GOVERNMENT'S RESPONSE TO MOTION FOR PRETRIAL DETERMINATION OF ADMISSIBILITY OF CO-CONSPIRATOR STATEMENTS

**CONCLUSION**

In addition to the five defendants named in the third superseding indictment, the discovery provided by the government in this case involves dozens of persons who are potential witnesses who may be alleged by the government to be criminally involved with the individuals charged in this case. The government has, thus far, specifically identified thirty-six persons as unindicted co-conspirators. Count One of the third superseding indictment in fact alleges the involvement of "others" and "unnamed co-conspirators" with the five named defendants.

If the government hopes to use Federal Rule of Evidence 801(d)(2)(E) to circumvent the rule prohibiting the introduction of hearsay into evidence, then the government should be required to identify which statements it believes meet the specific criteria of 801(d)(2)(E). If the government fails to do so, or if the identified statements fail to meet the specific criteria of 801(d)(2)(e), Mr. Barnabe respectfully requests those statements be excluded from the evidence adduced at the trial of this matter.

/s/_____
Lynne B. Morgan, OSB #89099
Attorney for Defendant Barnabe